TYMKOVICH, Circuit Judge,
concurring.
I concur in the result, but differ with the majority in two areas.
First, I conclude that reversal is necessary because there is a genuine issue of fact concerning whether Dr. Plotke’s position was actually eliminated. See Op. at n. 9. I would not stray from the teaching of Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1229 (10th Cir.2000), that a plaintiff bears the burden of showing that her position was not in fact eliminated after discharge. Here, I am satisfied that the evidence is uncertain enough as to whether the Army eliminated her position, and if so, whether the elimination occurred long enough after the alleged discriminatory conduct such that the Kendrick test has been met. In any event, it appears the Army has at no point argued that it in fact fired her because it was eliminating her position.
While I also agree that Dr. Plotke has shown enough “inconsistencies” and “contradictions” in the Army’s proferred explanation of her termination to show disputed facts as to pretext, I differ with the majority’s characterization of some of the evidence. Dr. Plotke is entitled to show at trial that the defendants were biased against her and made the termination decision because of her sex. But many of the examples showing pretext are generalized statements of personal dislike. Personal dislike does not necessarily equate with intentional discrimination. Although statements or comments “may serve as circumstantial evidence of [pretext], the plaintiff must still show some nexus between the statements and the defendant’s decision to terminate the employee.” Shorter v. ICG Holdings, Inc., 188 F.3d 1204, 1209-10 (10th Cir.1999). I am confident that the district court at trial will be able to assess the relevancy of any proffered testimony to the alleged discriminatory conduct.